UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                       ) | 1:18-CR-197-LEW |
| ) | |
| JASON MORGAN,                                ) | |
| ) | |
| Defendant                  ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On June 7, 2019, I sentenced Defendant Jason Morgan to an 18-month term of imprisonment following his guilty plea to making false statements to a federal firearms licensee. On April 22, 2020, Mr. Morgan filed a letter with the Court, in which letter he requests compassionate release based on recent deaths among friends and family, including his father's death from complications related to the COVID-19 virus. According to Mr. Morgan, his mother recently suffered strokes, although she is "okay" presently. Letter Motion (ECF No. 29). The United States opposes Mr. Morgan's request.

The federal statute that authorizes compassionate release is drawn to require that an inmate first direct a release request to the Director of the Bureau of Prisons (via the warden of the inmate's facility), but it permits an inmate to direct the request to the court if the Bureau fails to respond within 30 days of receipt. 18 U.S.C. § 3582(c)(1)(A). To obtain compassionate release, an inmate who is not of advanced age must demonstrate that there are "extraordinary and compelling reasons" for release and that the request otherwise

comports with § 3553 sentencing factors.  *See id.*; U.S.S.G. § 1B1.13 (Sentencing Commission policy statement concerning compassionate release).

In his letter, Mr. Morgan has not indicated that he presented his compassionate release request to the warden of his facility.  Nor am I persuaded by the letter that the 30-day delay associated with that requirement is unjust in relation to Mr. Morgan's presentation.  *See United States v. Crosby*, No. 1:17-cr-00123-JAW-1 (D. Me. Apr, 28, 2020) (citing cases in which courts excused the failure to exhaust administrative remedies); *see also United States v. Fox*, No. 2:14-cr-03-DBH (D. Me. July 11, 2019) (concluding that sentencing commission guidance on the kind of family circumstances needed to justify compassionate relief – U.S.S.G. § 1B1.13 Application Note Comment (C) – is the appropriate place to begin when evaluating the merit of a request, even if the guidance may not be conclusive of the matter).

Mr. Morgan's letter request for compassionate release is DENIED, WITHOUT PREJUDICE to Mr. Morgan's ability to refile following compliance with the statutory procedure.

**SO ORDERED.**

**Dated this 4th day of May, 2020.**

/s/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**